RAMÓN FLORES SÁNCHEZ, Complainant and Appellant, v. ROSENDO TORRES VALENTÍN, Respondent and Appellee.

No. 8219. Argued April 24, 1941.—Decided May 27, 1941.

*Luis A. Ramírez,* for appellant. *Leopoldo Tormes García,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

This is a complaint filed according to Act No. 10 of 1917 ((2) p. 216), to claim the sum of $448 for wages alleged to have been earned and not paid.

The complainant alleged that on February 18, 1936, he executed a verbal agreement with the respondent, by which he was employed as clerk in respondent's grocery store, earning a salary of $7 a week; that the terms of said agreement were fulfilled up to February 18, 1937, on which date the parties made a new verbal agreement according to which the

complainant would receive only $3 a week and would leave $4 a week in the hands of the respondent, in a special fund; that the respondent owed him for such deposits a total of $448, a sum which he has refused to pay him. The respondent denied all the essential facts of the complaint and specifically alleged that he paid the complainant all the salaries earned, at $7 a week, and that he does not owe him anything.

The case was held before the District Court of Ponce, which rendered judgment dismissing the complaint, without award of costs.

■■ The eight errors assigned by the complainant appellant refer to the appraisal of the evidence made by the lower court, which, in its statement of the case and opinion, said as follows:

"The essential issue to be decided in this case is whether it has been proved or not that the complainant, Ramón Flores Sánchez, used to leave in the custody of the respondent the sum of $4 of his salary of $7, which he had the right to receive every week as clerk and manager of a grocery store owned by the respondent, in Santo Domingo Street, corner of Santiago Negroni Street, of Yauco, P. R.

"On this point and holding the affirmative, testified the complainant Ramón Flores Sánchez, Juan Pellicier, Miguel Angel Collado and Luis Collado, in all, four witnesses. In the negative testified Cecilio Pérez Pérez, Prudencio Quiñones, Juan Olán, Julio Arzola, José Graterón and the respondent Rosendo Torres Valentín, in all six witnesses.

"     *          *          *          *          *          *          *

"No deed, private document or any basis of written evidence has been presented in relation to the agreement which the complainant alleges to have executed with the respondent, and especially in relation to the $4.00 that the complainant left every week in possession of the respondent, according to his testimony. Not a single receipt of any of the deliveries of said sums has been presented, nor any written document of any kind on this point.

"Therefore, the court understands that this is a case in which Section 1201 of the Civil Code (1930 ed.) is perfectly applicable. It reads as follows:

" 'Section 1201.—The force of proof of depositions of witnesses shall be weighed by the courts in accordance with the provisions of

the law of civil procedure, taking care to avoid that, by the simple coincidence of some depositions, unless their truthfulness be evident, the affairs may be finally decided in which instruments, private documents, or any basis of written evidence are usually made use of.'

"The court wishes to state that its criterion is that the veracity of all the witnesses presented by both parties is not evident, and that this is a case which could have only been decided in favor of the complainant if some deed, private document or any basis of written evidence had been offered."

After a careful study of the evidence presented by both parties we have to decide that the conclusions arrived at by the trial court are justified. Four witnesses of the complainant tend to uphold the allegations of the complaint. The trial judge, who saw and heard them testify, did not give them any credit, because he considered that their truthfulness was not evident. And neither did he give credit to the six witnesses presented by the respondent. Section 1201 of the Civil Code (1930 ed.).

The general rule of evidence is that the *onus probandi*, the burden of proof, falls on the one who pleads. The complainant alleged that he had left part of his weekly earnings in the hands of the respondent, and as the latter denied said averment, the complainant was bound to sustain it by means of evidence worthy of credit. As he did not do so, it was the duty of the trial judge to dismiss the complaint.

The judgment appealed from must be affirmed. ·